UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -

ONE CUNEIFORM TABLET KNOWN
AS THE GILGAMESH DREAM TABLET,

        Defendant In Rem,

  - and -

HOBBY LOBBY STORES, INC.,

        Claimant.
_____

Civil Action No. 20-2222 (AMD)

**ANSWER OF CLAIMANT**
**<u>HOBBY LOBBY STORES, INC</u>**.

Claimant Hobby Lobby Stores, Inc. ("Claimant" or "Hobby Lobby"), by its attorneys Pearlstein & McCullough, LLP and Tucker Levin, PLLC, as and for its Answer to the Verified Complaint *In Rem* (the "Complaint"), alleges as follows:

    1.    Admits, with respect to the allegations set forth in paragraph 1 of the Complaint, that the Plaintiff has commenced this action in rem to condemn and forfeit to the United States the above-captioned property and respectfully refers to the Complaint for the allegations and claim asserted therein.

    2.    Admits, upon information and belief, the allegations set forth in paragraph 2 of the Complaint.

    3.    Admits, upon information and belief, the allegations set forth in paragraph 3 of the Complaint.

4. Admits, upon information and belief, the allegations set forth in paragraph 4 of the Complaint.

5. Admits, upon information and belief, the allegations set forth in paragraph 5 of the Complaint.

6. Admits, with respect to paragraph 6 of the Complaint, the allegations set forth in the first sentence and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence.

7. Admits, with respect to the allegations set forth in paragraph 7 of the Complaint, that Exhibit A to the Complaint purports to be a photograph of the Defendant *In Rem*.

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Admits, upon information and belief, the allegations set forth in paragraph 9 of the Complaint.

10. States, with respect to the allegations set forth in paragraph 10 of the Complaint, that the statute, which is quoted in part, speaks for itself and respectfully refers the Court to such statute for the complete text thereof.

11. States, with respect to the allegations set forth in paragraph 11 of the Complaint, that the first sentence purports to state a legal conclusion as to which no response is required and that the second sentence purports to set forth the text of a statute, which is quoted in part, and respectfully refers the Court to such statute for the complete text thereof.

12. States that the allegations set forth in paragraph 12 of the Complaint purport to state a legal conclusion as to which no response is required and respectfully refers the Court to the statutes cited therein for the complete texts thereof.

13. States that the allegations set forth in paragraph 13 of the Complaint purport to state legal conclusions as to which no response is required and respectfully refers the Court to the statutes cited therein for the complete texts thereof.

14. States that the allegations set forth in paragraph 14 of the Complaint purport to state legal conclusions as to which no response is required and respectfully refers the Court to the statutes cited therein for the complete texts thereof.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Admits the allegations set forth in paragraph 27 of the Complaint.

28. Admits, with respect to paragraph 28 of the Complaint, the allegations set forth in the first sentence, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences, except admits that, after July 2014, the Defendant In Rem was hand-carried by a representative of Christie's, Inc. to Hobby Lobby in Oklahoma City.

29. Admits the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Denies, with respect to paragraph 33 of the Complaint, knowledge, or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and admits the allegations set forth in the second sentence.

34. Admits the allegations set forth in paragraph 34 of the Complaint.

35. Admits the allegations set forth in paragraph 35 of the Complaint.

36. Admits the allegations set forth in paragraph 36 of the Complaint.

37. Admits the allegations set forth in paragraph 37 of the Complaint.

38. Admits the allegations set forth in paragraph 38 of the Complaint.

39. Admits, with respect to paragraph 39 of the Complaint, the allegation that MOTB contacted the American Dealer but states that the curator at MOTB had no knowledge that the American Dealer was a former owner of the Defendant In Rem.

40. Admits the allegations set forth in paragraph 40 of the Complaint.

41. Admits the allegations set forth in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Admits the allegations set forth in paragraph 44 of the Complaint.

45. Admits the allegations set forth in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. Admits the allegations set forth in paragraph 48 of the Complaint.

49. Denies, with respect to paragraph 49 of the Complaint, knowledge, or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and admits the allegations set forth in the second and third sentences.

50. Admits the allegations set forth in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

## ANSWERS TO PLAINTIFF'S CLAIM FOR RELIEF

53. Hobby Lobby repeats and realleges its allegations in paragraphs 1 through 52 above as if fully set forth at length herein.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint and states that Plaintiff purports to state a legal conclusion as to a matter on which (i) it bears the burden of proof and (ii) with respect to which Plaintiff has declined to disclose to Hobby Lobby any supporting evidence.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and states that Plaintiff purports to state a legal conclusion as to a matter on which (i) it bears the burden of proof and (ii) with respect to which Plaintiff has declined to disclose to Hobby Lobby any supporting evidence.

## **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
[Failure to State a Cause of Action, Title 18]

56. The Complaint sets forth insufficient facts with respect to any theft, illicit excavation or removal of the Defendant In Rem from Iraq in contravention of Iraqi law that would form the basis of a violation of 18 U.S.C. § 2314.

**SECOND AFFIRMATIVE DEFENSE**
[Failure to State a Cause of Action, Title 18]

57. The Complaint sets forth insufficient facts with respect to any customs importation violation under 19 U.S.C. § 1595(a).

**THIRD AFFIRMATIVE DEFENSE**
[Statute of Limitations]

58. Any claim arising from such violations of 18 U.S.C. § 2314 and/or 19 U.S.C. § 1595(a) are barred by applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**
[Innocent Owner]

59. Notwithstanding the "customs carve out," Plaintiff cannot demonstrate any violation of Title 19 of the United States Code, and, as such, Hobby Lobby Stores, Inc. is an innocent owner of the Defendant In Rem.  Accordingly, Hobby Lobby Stores, Inc. asserts the "innocent owner" defense under 18 U.S.C. §983(d) as Plaintiff cannot prove any Title 19 offense.  Hobby Lobby Stores, Inc. was a bona fide purchaser for value of the Defendant In Rem without knowledge or cause to believe, at the time of purchase, of any reason the Defendant In Rem could be subject to forfeiture.

**FIFTH AFFIRMATIVE DEFENSE**
[Fourth Amendment]

7

60. Plaintiff's seizure of the Defendant In Rem violates Hobby Lobby Stores Inc.'s and other's right to be free from illegal searches and seizures.

### SIXTH AFFIRMATIVE DEFENSE
[Good Faith]

61. Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading, or incomplete allegations.

### SEVENTH AFFIRMATIVE DEFENSE
[Unclean Hands]

62. The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

### EIGTH AFFIRMATIVE DEFENSE
[8th Amendment]

63. The government seeks a forfeiture that is constitutionally disproportionate in violation of the Eighth Amendment to the U.S. Constitution.

### RESERVATION OF RIGHTS

64. Claimant Hobby Lobby Stores, Inc. reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

### RELIEF

WHEREFORE, Claimant Hobby Lobby Stores, Inc. requests that the Court enter judgment as follows:

1. Dismissing the Complaint and awarding all rights, title, and interest in the Defendant in Rem to Hobby Lobby Stores, Inc.

      2.      Denying issuance of a certificate of probable cause pursuant to the relevant federal forfeiture statutes and warding costs and attorneys' fees to Hobby Lobby Stores, Inc.

      3.      Awarding to Hobby Lobby Stores, Inc. such other and further relief the Court deems just and proper together with the costs and disbursements of this action.

Dated: New York, New York
July 10, 2020

Respectfully submitted,

Pearlstein & McCullough LLP

By: ___*Michael McCullough*_____
      Michael McCullough
      Anju Uchima

641 Lexington Avenue, 13th Floor
New York, NY 10022
Tel: (646) 762-7264
MMcCullough@PMCounsel.com
AUchima@PMCounsel.com


Tucker Levin, PLLC

By: _____
      Duncan P. Levin

230 Park Avenue, Suite 440
New York, New York 10169
Tel: (212) 330-7626
dlevin@tuckerlevin.com


Attorneys for Plaintiff