Case 1:20-cv-02222-AMD-PK   Document 13   Filed 07/31/20   Page 1 of 3 PageID #: 58



U.S. Department of Justice

United States Attorney
Eastern District of New York

BDM:KKO
F. #2019V02611

271 Cadman Plaza East
Brooklyn, New York 11201

July 31, 2020

By ECF

The Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    United States v. One Cuneiform Tablet Known as the "Gilgamesh Dream Tablet"
            Civil Docket No. 20-2222 (AMD)(PK)

Dear Judge Kuo:

      Enclosed please find a proposed protective order governing the disclosure of confidential material in the above-captioned civil forfeiture action (the "Proposed Order"). The Proposed Order is intended to govern only the expedited discovery proposed by the government during the initial conference held on July 24, 2020.  Based on the circumstances of the case, the parties have agreed to treat all such material confidentially, even though it falls outside the scope of the categories in the Court's standing confidentiality order.  While the non-publicly available materials were compiled by government agencies in connection with its investigation of the Gilgamesh Dream Tablet that resulted in the filing of this forfeiture action, they do not fit squarely within the law enforcement exceptions to the Privacy Act set forth in Title 5, United States Code, Section 552(b)(7).  Nevertheless, these documents may be protected from disclosure pursuant to a court order obtained in accordance with Title 5, United States Code, Section 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure.

      Section 552a(b)(11) permits disclosure of records "pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11).  Rule 26(c) provides that the Court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c).  In this case, the government has conferred with counsel for two witnesses who are identified only by aliases throughout the Verified Complaint *in Rem* (the "Complaint").  The government agrees with the witnesses' counsel that discovery provided by the witnesses is likely to result

in embarrassment to the witnesses. The government has also conferred with attorneys for the Claimant who join the government in requesting the proposed protective order as a means to facilitate the production of expedited discovery, including witness affidavits, which may result in an expeditious resolution of this case without embarrassment to the aforementioned witnesses as well as to other individuals who are identified in the Complaint by aliases, such as employees of non-party auction house Christie's, Inc. ("Christie's").

The Proposed Order adopts a number of provisions directly from the Court's standing confidentiality order (the "Standing Order") and contains others that are similar to those in the Standing Order. Consistent with the Standing Order, the Proposed Order contemplates that persons receiving discovery will sign and be bound by an agreement designated as Exhibit A, directs the labeling of discovery as "confidential," anticipates filing of redacted or sealed documents, and directs the return of produced material at the conclusion of litigation. In addition to those provisions, the Proposed Order also permits Claimant to share discovery with Christie's in an effort to facilitate resolution of this case and a parallel civil case brought by Claimant captioned *Hobby Lobby Stores, Inc. v. Christie's Inc., et al.*, 20-CV-2239 (E.D.N.Y.) (AMD)(PK).

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:    /s/ Karin Orenstein
Karin Orenstein
Sylvia S. Shweder
Assistant U.S. Attorneys
(718) 254-7000

Ann Brickley, Of Counsel
Trial Attorney, Money Laundering &
Asset Recovery Section

Enclosure

Cc:    Counsel of Record (by ECF)