# LETTER OF REQUEST

## PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL AND COMMERCIAL MATTERS

Michael McCullough
Anju Uchima
Pearlstein & McCullough LLP
641 Lexington Avenue, 13th Floor
New York, New York 10022 United States of America
+1 646 762-7264
MMcCullough@PMCounsel.com
Attorneys for Claimant
Hobby Lobby Stores Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        Plaintiff,

- against -

ONE CUNEIFORM TABLET KNOWN
AS THE GILGAMESH DREAM TABLET,

        Defendant In Rem,

- and -

HOBBY LOBBY STORES, INC.,

        Claimant.

---

Civil Action No. 20-2222 (AMD)

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST)**

The undersigned, United States Magistrate Judge Peggy Kuo respectfully requests you, The High Court of England and Wales, to cause the testimony and production of documents from persons and business entities to be taken for use as evidence at trial in this matter, as more fully explained herein, pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters ("**Hague Evidence Convention**").

Pursuant to Article 3 of the Hague Evidence Convention, the undersigned respectfully submits the following request:

1. <u>Sender</u>: United States District Court, Eastern District of New York, United States Magistrate Judge Peggy Kuo, 225 Cadman Plaza E, Brooklyn, NY 11201, United States of America.

2. <u>Central Authority of the Requested State</u>: The Senior Master, For the attention of the Foreign Process Section, Room E16, Royal Courts of Justice, Strand, London, WC2A 2LL, United Kingdom.

3. <u>Person to whom the executed request is to be returned</u>: Matthew Wescott, Partner, JMW Solicitors LLP, Kings House, 36-37 King Street, London, EC2V 8BB.
   Telephone: ++ 44 (0) 781 055 77 58
   email: matthew.wescott@jmw.co.uk

4. <u>Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request</u>: By an order of this Court dated 2 October 2020 (listed on a copy of the Court's docket that is attached as Exhibit A), the Claimant was directed to complete this discovery by December 4, 2020. The Claimant therefore urgently seeks an order of the English High Court to begin depositions by 9 November 2020.

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

5.

a. <u>Requesting authority (Article 3(a))</u>: United States District Court, Eastern District of New York, United States Magistrate Judge Peggy Kuo, 225 Cadman Plaza E, Brooklyn, NY 11201, United States of America.

b. <u>To the Competent Authority of (Article 3(a))</u>: The Senior Master, For the attention of the Foreign Process Section, Room E16, Royal Courts of Justice, Strand, London, WC2A 2LL, United Kingdom (email: foreignprocess.rcj@hmcts.gsi.gov.uk).

c. <u>Names of the case and any identifying number</u>: *United States of America, Plaintiff v. One Cuneiform Tablet known as the "Gilgamesh Dream Tablet," Defendant in Rem, and Hobby Lobby Stores Inc., Claimant*, Civil Action No. 20-2222 (AMD).

6. <u>Names and addresses of the parties and their representatives (including representatives in the Requested State) (Article 3(b))</u>:

a. <u>Plaintiff</u>: United States of America

   <u>Plaintiff's Representatives</u>:
   Karin Orenstein
   Sylvia Shweder

Assistant U.S. Attorneys

Seth D. Ducharme
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
United States of America

b. Defendant: The Defendant *In Rem* is the "Gilgamesh Dream Tablet," the property sought to be forfeited to the United States of America in this civil forfeiture action.

Defendant's Representatives: n/a

c. Other Parties: Claimant (the real party-in-interest), Hobby Lobby Stores, Inc.

Claimant's Representatives in the United States

Michael McCullough
Anju Uchima
Pearlstein & McCullough LLP
641 Lexington Avenue, 13th Floor
New York, NY 10022
United States of America

Claimant's Representatives in the United Kingdom

Matthew Wescott
JMW Solicitors LLP
Kings House
36-37 King Street
London
EC2V 8BB
Telephone: ++ 44 (0) 781 055 77 58
email: matthew.wescott@jmw.co.uk

7. Nature of the proceedings (Article 3(c)): On May 18, 2020, the United States of America (the "*Government*") filed a civil forfeiture action (the "*Forfeiture Action*") in the United States District Court for the Eastern District of New York (the "*Court*") seeking the forfeiture of an ancient cuneiform tablet known as the "Gilgamesh Dream Tablet" (the "*Tablet*") an object owned by Hobby Lobby, Stores Inc. ("*Hobby Lobby*"), an American company, alleging that the Tablet was shipped to the United States from the United Kingdom in 2003 and again in 2014 in violation of Title 19, United States Code, Sections 2314 et seq., and is property stolen from Iraq that was introduced or attempted to be introduced into the United States in violation of Title 19, United States Code, Section 1595a(c)(1)(A). On May 19, 2020, Hobby Lobby filed a related civil action in the Court against Christie's, Inc. of New York ("*Christie's NY*") (the

"*Civil Action*"), the agent for the individual who sold the Tablet to Hobby Lobby in 2014, seeking damages for breach of express and implied warranties and fraud. The first of the two importations at issue in the Forfeiture Action was made by a previous owner of the Tablet (referenced in paragraph 15 of the Verified Complaint filed on 18 May 2020 as the "*Antiquities Dealer*") in 2003, and the second, by Christie's in 2014 in connection with the sale of the Tablet to Hobby Lobby.

According to the allegations of the Government in its Verified Complaint, in 2014, Christie's, Manson, and Woods Limited in London, United Kingdom ("*Christie's LN*" and when acting cooperatively with or on behalf of Christie's NY, "*Christie's*"), through its employee Margaret Ford, offered the Tablet for sale to Hobby Lobby. As part of its pre-sale due diligence, Georgiana Aitken, then Christie's LN's Head of Antiquities (who is no longer with the company), contacted the Antiquities Dealer to confirm a written provenance for the Tablet which reflected that the Tablet had been purchased at an auction in the United States in 1981, a time before any laws restricting the import into the United States of cultural property from Iraq had been enacted. The Antiquities Dealer, who had originally documented the provenance in a letter, advised Ms. Aitken that the provenance would not withstand scrutiny and therefore should not be sold at a public auction. In fact, the Antiquities Dealer, who had bought the Tablet in London in 2003, had fabricated the reference to a 1981 auction and provided the false provenance to the person to whom s/he sold the Tablet in 2006. Notwithstanding what it had been told by the Antiquities Dealer, Christie's NY sold the Tablet to Hobby Lobby in 2014 in a private sale with the provenance that included the fictitious 1981 auction in the United States and, in response to inquiries by Hobby Lobby prior to the sale, Ms. Ford stated that Christie's had confirmed the Tablet's provenance with the Antiquities Dealer in 2014. In 2017, when the Museum of the Bible (the "*Museum*"), to which Hobby Lobby lent the Tablet, requested that Christie's confirm the Tablet's provenance, Christie's again represented it had confirmed the provenance with the Antiquities Dealer in 2014. At all relevant times, Christie's did not provide a copy of the false provenance letter to Hobby Lobby or even identify the Antiquities Dealer to Hobby Lobby or to the Museum.

Pursuant to an order of the Court, the Government provided expedited discovery to Hobby Lobby to facilitate settlement negotiations between Hobby Lobby and Christie's NY in the Civil Action. The expedited discovery included an affidavit by the Antiquities Dealer (the "*Affidavit*") stating, among other things, that s/he told Ms. Aitken that the Tablet's provenance was not reliable, and that the object should not be offered for sale at a public auction. In a communication prior to the commencement of the Civil Action, Christie's NY's counsel stated to Hobby Lobby's counsel that the Antiquities Dealer was lying about his/her conversation with Ms. Aitken. Further, Christie's NY, in a Memorandum of Law filed in the Civil Action, made an issue of the Antiquities Dealer's veracity ("Hobby Lobby's fraud accusations are…..based entirely on the affidavit of an individual who admits to having committed fraud").

The Government has advised the Court that it intends to file a motion for summary judgment (the "*Motion*") with respect to the 2003 importation of the Tablet. The principal piece of evidence in support of the Government's motion is the Affidavit. With the veracity of the Antiquities Dealer's sworn testimony in issue, Hobby Lobby seeks the discovery sought in this Letter to test the truthfulness and credibility of the Antiquities Dealer's statements in the

Affidavit. Hobby Lobby requests: (i) depositions of Ms. Aitken and two current Christie's LN employees about their communications with the Antiquities Dealer and their subsequent communications amongst themselves about the sale of the Tablet in 2014, as well as their communications with the Museum in 2017 (the "*Depositions*"); and (ii) production of documents in the possession of these individuals and/or Christie's concerning such conversations, the sale of the Tablet in 2014, and communications with the Museum in 2017 (the Depositions and document production, together, the "*Discovery*"). The request for production of documents is severable from the request for Depositions and the Claimant respectfully requests that the Central Authority of the Requested State proceed with the request for Depositions, even if it is unable to proceed with the request for production of documents.

The Discovery is very limited in scope and necessary for Hobby Lobby to formulate any challenge to the Motion. As the Claimant and real party-in-interest in the Forfeiture Action, Hobby Lobby is entitled to take the Depositions and the Government, in order to allow Hobby Lobby to seek and conduct the Discovery, has agreed not to file the Motion until Hobby Lobby has conducted the Discovery, which the Court has ordered Hobby Lobby to complete by December 4, 2020. Although the Motion is not a trial, it is a request for judgment on papers in lieu of a trial and, if granted, would be dispositive of the Forfeiture Action and strip Hobby Lobby of its ownership rights to the Tablet.

8.

a. <u>Specific evidence to be obtained or other judicial activity to be performed (Article 3(d))</u>: Hobby Lobby seeks the oral deposition of former and current employees of Christie's LN who: (i) spoke with the Antiquities Dealer in 2014 and/or 2017; (ii) met with the Antiquities Dealer in 2014 and/or 2017; and/or (iii) had discussions with other Christie's employees or any other person about written and/or oral provenance information for the Tablet that originated from the Antiquities Dealer. Hobby Lobby also seeks production by the Witnesses and/or Christie's of certain documents which it has good reason to believe are, or are likely to be, in the possession, custody or power of the natural and/or legal persons named below at paragraph 9: please see paragraph 11 below.

b. <u>Purpose of the evidence or judicial act sought</u>: To allow Hobby Lobby to assess the veracity of evidence produced by the United States of America that will be used in a dispositive motion that, if successful, would strip Hobby Lobby of its ownership interest in the subject property in the forfeiture action.

9. <u>Identity and address of any person to be examined (Article 3(e))</u>:

The addresses below are based on the best information available to the Claimant at the time of lodging this Letter of Request, and the Claimant reserves the right to substitute alternative addresses within the jurisdiction of England & Wales should the information available to the Claimant change.

Georgiana Aitken
113 Dovehouse Street

London
SW3 6JZ
United Kingdom

Margaret Ford
Christie's
8 King Street
St. James'
London
SW1Y 6QT
United Kingdom

Laetitia Delaloye
Christie's
8 King Street
St. James'
London
SW1Y 6QT
United Kingdom

Christie's, Manson, and Woods Limited (for the purposes of document production)
Company number 01128160
Sophie Jane Carter, Director

8 King Street
St. James'
London
SW1Y 6QT
United Kingdom

10. <u>Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3(f))</u>: The natural persons named at paragraph 9 of this Letter of Request (the "*Witnesses*") will be examined in relation to the subject-matter summarised at paragraph 7 of this Letter of Request. The scope of the questions to be posed will be along the lines of the questions set out at sub-paragraphs a-j below. The Claimant may put further or different questions to the Witnesses and reserves the right to do so, always on the understanding that the questions will be within the scope of the subject-matter summarized at paragraph 7 of this Letter of Request.

Where reference is made below to a meeting, conversation or any other interaction, it may have been conducted, without limitation, in person, via proxies, by telephone, videoconference, email, SMS, other chat service or any other means of communication whatsoever, be it analog, digital or otherwise.

a. Did Ms. Aitken have a telephone call with the Antiquities Dealer on or about December 23, 2013? If so, what was said by whom to whom?

b. Did Ms. Aitken have a conversation or conversations with other Christie's employees in 2014 concerning the Tablet's provenance? If so, what was said by whom to whom?

c. Did Ms. Aitken meet with the Antiquities Dealer in London in July 2014 at Christie's LN's offices? If so, what was the subject of the meeting and did Ms. Aitken or other Christie's employees discuss the Tablet's provenance with the Antiquities Dealer? If so, what was said by whom to whom?

d. Did Ms. Aitken have a conversation or conversations with Christie's employees or any other person in 2017 concerning the Tablet's provenance? If so, what was said by whom to whom?

e. Did Ms. Ford have a conversation or conversations with other Christie's employees or any other person in 2014 concerning the Tablet's provenance? If so, what was said by whom to whom?

f. Did Ms. Ford attend a meeting in London in July 2014 attended by Ms. Aitken, other Christie's employees, and the Antiquities Dealer in Christie's LN's offices? If so, what was the subject of the meeting and did Ms. Ford or the other Christie's employees discuss the Tablet's provenance with the Antiquities Dealer? If so, what was said by whom to whom?

g. Did Ms. Ford have a conversation or conversations with other Christie's employees or any other person in 2017 regarding inquiries by Hobby Lobby and the Museum of the Bible about the Tablet's provenance, the provenance published by Christie's in the private sale catalogue, and/or the documents that were withheld by Christie's from Hobby Lobby concerning the Tablet's provenance? If so, what was said by whom to whom?

h. Did Ms. Delaloye have a conversation or conversations with other Christie's employees or any other person in 2014 concerning the Tablet's provenance? If so, what was said by whom to whom?

i. Did Ms. Delaloye attend a meeting in London in July 2014 attended by Ms. Aitken, other Christie's employees, and the Antiquities Dealer in Christie's LN's offices? If so, what was the subject of the meeting and did the Christie's employees discuss the Tablet's provenance with the Antiquities Dealer? If so, what was said by whom to whom?

j. Did Ms. Delaloye have a conversation or conversations with other Christie's employees or any other person in 2017 regarding inquiries by Hobby Lobby and the Museum of the Bible about the Tablet's provenance, the provenance published by Christie's in the

private sale catalogue, and/or the documents that were withheld by Christie's from Hobby Lobby concerning the Tablet's provenance? If so, what was said by whom to whom?

11. <u>Documents or other property to be inspected (Article 3(g))</u>: References to "Documents" in this paragraph are references to anything in which information of any description is recorded or communicated and include without limitation electronic documents, including e-mail and other electronic communications, word processed documents and databases, SMS, other chat services, hand written notes and letters or any other means of communication whatsoever, be it analog, digital or otherwise.

    The Claimant has good reason to believe that the following Documents are, or are likely to be, in the possession, custody or power of the Witnesses and/or Christie's and they are relevant to the issues for the hearing of the Motion. Without prejudice to the definition of "Document" above, they are likely to take the form of emails between the Witnesses at their place of work (Christie's).

    The Claimant seeks the following: Documents from 1 December 2013 to 31 August 2014 and from 1 October to 30 November 2017 relevant to: (i) any conversations between Ms. Aitken and the Antiquities Dealer in 2014; (ii) any conversations among Ms. Aitken, Ms. Ford, Ms. Delaloye, and any other person about Ms. Aitken's conversation with the Antiquities Dealer in 2014; and (iii) any conversations among Ms. Ford, Ms. Delaloye, other Christie's employees, and any other person about the Museum's inquiries in 2017 about the accuracy of the provenance provided by the Antiquities Dealer.

    This request under paragraph 11 is severable from the request at paragraph 10 and the Claimant respectfully requests that the Central Authority of the Requested State proceed with the request under paragraph 10, even if it is unable to proceed with the request under paragraph 11.

12. <u>Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3(h))</u>: The evidence must be given on oath or by the following affirmation: "Do you affirm that the testimony you are about to give in this deposition is the truth, the whole truth, and nothing but the truth?"

13. <u>Special methods or procedure to be followed (Article 3(i), Article 9)</u>; The depositions will be conducted pursuant to the United States Federal Rules of Civil Procedure and shall be transcribed for use by the litigants and this Court. It is anticipated that the Witnesses will be examined and cross-examined and that a verbatim transcript of the examination and cross-examination will be produced.

14. <u>Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)</u>: The Claimant, the Claimant's Attorneys, and representatives from JMW Solicitors LLP and Counsel will be present at the execution of

the Letter of Request via video-link and/or in person. It is requested that Matthew Wescott of JMW Solicitors LLP be notified of the time and place for the execution.

15. <u>Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)</u>: No judicial personnel of the requesting authority need attend or participate at the execution of this request.

16. <u>Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Article 11(b))</u>: Any person giving evidence through deposition is afforded rights and privileges under the United States Constitution and under the United States Federal Rules of Civil Procedure.

17. <u>The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by</u>: Hobby Lobby Stores, Inc., 7707 SW 44th Street, Oklahoma City, Oklahoma, 73139, United States of America. This court will enforce any right you have to reimbursement.

                                  **SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
       November 2, 2020



AO 132 (Rev. 12/03) Exemplification Certificate

# UNITED STATES DISTRICT COURT

Eastern          District of          New York

## EXEMPLIFICATION CERTIFICATE

I, **Douglas C. Palmer**, Clerk of this United States District Court, keeper of the records and seal, certify that the attached documents:

Letters Rogatory

are true copies of records of this Court.

In testimony whereof I sign my name and affix the seal of this Court, in this District, at Brooklyn, New York on 12/22/2020

_City_ _Date_

_Clerk_ _(By) Deputy Clerk_

I, **Peggy Kuo**, a Judicial Officer of this Court, certify that **Douglas C. Palmer**, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate, and the attestation of the record, are in accordance with the laws of the United States.

December 22, 2020
_Date_                                        _Signature of Judge_

United States Magistrate Judge
_Title_

I, **Douglas C. Palmer**, Clerk of this United States District Court, keeper of the seal, certify that the Honorable **Peggy Kuo**,
_Judge_

named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judge's official signature and know and certify the above signature to be that of the Judge.

In testimony whereof I sign my name, and affix the seal of this Court at Brooklyn, New York in this State, on 12/23/2020

_City_ _Date_

_Clerk_ _(By) Deputy Clerk_